**ALD-141** NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1149
_____

JOHN NAPOLI,
Appellant

v.

WARDEN SCHUYLKILL FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-20-cv-00917)
District Judge: Honorable Malachy E. Mannion
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 11, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: May 26, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John Napoli appeals the District Court's order denying his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm the District Court's order.

The procedural history of Napoli's criminal convictions and the details of his claims are well known to the parties, set forth in the District Court's memorandum, and need not be discussed at length. Briefly, in his § 2241 petition, Napoli sought to challenge his convictions for possession of a firearm and ammunition by a convicted felon. Relying on Rehaif v. United States, 139 S. Ct. 2191 (2019), he argued that his convictions were no longer valid. The District Court denied the petition on the merits, and Napoli filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4. We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We have held that a defendant may proceed via a § 2241 petition if he asserts that he is actually innocent based on a court's subsequent statutory interpretation that renders his conduct no longer criminal and he did not have an earlier opportunity to raise the claim. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Assuming, without deciding, that Napoli's claim invoking Rehaif could fall within that narrow exception, cf. United States v. De

2

Castro, 49 F.4th 836 (3d Cir. 2022) (ruling that petitioner was not entitled to coram nobis relief on Rehaif claim because there was no sound reason for his delay in asserting the claim), we conclude that he was not entitled to relief because, as discussed below, his Rehaif claim lacks merit.

To support a claim of actual innocence, Napoli must establish that it is more likely than not that no reasonable juror would have convicted him. See Bousley v. United States, 523 U.S. 614, 623-24 (1998); see also United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (Bousley standard applies to innocence claims brought under § 2241). That is, he must show that "in light of all the evidence, it is more likely than not that no reasonable juror properly instructed on the intervening interpretation would have convicted him." Cordaro v. United States, 933 F.3d 232, 241 (3d Cir. 2019).

Napoli was convicted of possessing a firearm or ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year. See 18 U.S.C. § 922(g)(1). The Supreme Court held in Rehaif that the Government must prove that a defendant charged with violating § 922(g) knew both that he possessed a firearm and that he belonged to the relevant class of persons barred from possessing a firearm. Rehaif, 139 S. Ct. at 2200. Citing Rehaif, Napoli argues that his indictment was insufficient because the Government failed to charge that he knew he was a felon. However, Napoli has neither argued nor established that he is actually innocent.

When he possessed the firearms and ammunition at issue, Napoli had two prior convictions for aggravated assault. He had been sentenced to 18-36 months in prison on one conviction and 21-42 months in prison on the other. Thus, he was aware that he had

3

been convicted of a crime punishable by more than a year in prison as he had, in fact, been punished twice with a sentence of more than one year in prison. See Greer v. United States, 141 S. Ct. 2090, 2097 (2021) (noting that multiple felony convictions are substantial evidence that a defendant knew he was a felon); Rehaif, 128 S. Ct. at 2198 (noting that circumstantial evidence is sufficient to establish knowledge of status); see generally United States v. Boyd, 999 F.3d 171, 180 (3d Cir. 2021) (explaining that "the same evidence that shows a defendant is objectively subject to a qualifying order will often also provide sufficient circumstantial evidence to infer the defendant's subjective knowledge of his status").[1] We agree with the District Court that it is clear from the record that Napoli knew he was a felon and will summarily affirm the District Court's judgment on the ground that, even if he can bring his claim under § 2241, Napoli has not shown that he is actually innocent.

Napoli also asserts that this Court has granted en banc review to address whether 18 U.S.C. § 922(g)(1) is unconstitutional and requests that we stay his appeal pending that decision. See Range v. Att'y Gen. United States of Am., 56 F.4th 992 (3d Cir. 2023). Napoli, however, did not challenge the constitutionality of § 922(g)(1) in the District Court. We will consider an issue that was not raised in the District Court only in exceptional circumstances. See United States v. Anthony Dell'Aquilla, Enters. and Subsidiaries, 150 F.3d 329, 335 (3d Cir. 1998) ("[A]bsent exceptional circumstances, an

_____

[1] As Napoli's Rehaif claim is without merit, we need not address the District Court's application of the concurrent sentences doctrine.

4

issue not raised in district court will not be heard on appeal.").  There are no exceptional circumstances here, and we deny his request to stay the appeal.

For the reasons set forth above, we will summarily affirm the District Court's July 8, 2022 judgment.  See 3d Cir. I.O.P. 10.